FIRST DATA RESOURCES, INC., APPELLEE AND CROSS-APPELLEE, V.
RONALD E. SORENSEN, COMMISSIONER OF LABOR, STATE OF
NEBRASKA, APPELLANT AND CROSS-APPELLEE, BESTELLE COOPER,
APPELLEE AND CROSS-APPELLANT.

371 N.W.2d 306

Filed August 2, 1985.   No. 84-804.

Paul D. Kratz, for appellant.

Daniel W. Ryberg, for appellee Cooper.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

PER CURIAM.

After her dismissal from employment by First Data
Resources, Inc., Bestelle Cooper sought unemployment
compensation benefits pursuant to the Employment Security
Law, Neb. Rev. Stat. §§ 48-601 to 48-669 (Reissue 1984). A
claims deputy for the Department of Labor awarded Cooper
benefits. First Data appealed to the Nebraska Appeal Tribunal,
which, after a hearing, affirmed the deputy's decision. First
Data next appealed to the district court for Douglas County and
named as defendants Ronald Sorensen, Commissioner of
Labor, and Cooper.

When she attempted to personally file her answer in the
district court proceedings, Cooper was informed she "needed a
lawyer" and sought assistance from Legal Aid Society. As
reflected on its "INTAKE REVIEW FORM" dated April 18,
1984, Legal Aid was aware that Cooper had "already missed the
Answer date, which was April 16." The only income for Cooper
and her children was the weekly payment of unemployment
compensation in the amount of $120. Although Legal Aid
determined "we should accept" Cooper's case, the record does
not disclose that Legal Aid undertook any representation of
Cooper. Meanwhile, Cooper was interviewed by Legal
Services/Lawyer Referral of the Nebraska State Bar
Association which found Cooper to be "eligible for pro bono

assistance and in need of legal counsel," and on May 3 referred Cooper's case to Daniel Ryberg, an attorney engaged in the private practice of law.

The commissioner and Cooper each filed an answer to First Data's petition and alleged the Nebraska Appeal Tribunal's decision should be affirmed. The district court affirmed the tribunal's decision.

After Cooper prevailed on her claim for unemployment compensation, Cooper's attorney sent the Commissioner of Labor a letter requesting that an attorney fee in the amount of $420 be paid from the Employment Security Administration Fund pursuant to § 48-646, which provides:

> No individual claiming benefits shall be charged fees of any kind in any proceeding under sections 48-601 to 48-668 except as provided herein. Any individual claiming benefits in any proceeding before the commissioner or an appeal tribunal or his, her, or its representative may be represented by counsel, any other duly authorized agent, or a person of his or her choice. Any individual claiming benefits in any proceeding before a court may be represented by counsel. Such counsel may either charge or receive for such services a reasonable fee to be approved by the commissioner. *The commissioner may, in special cases, pay such fee from the Employment Security Administration Fund.* Any person who violates any provision of this section shall be guilty of a Class II misdemeanor.

(Emphasis supplied.)

Although he had not adopted any rule or regulation pertaining to "special cases" as used in § 48-646, the commissioner denied Cooper's request for an attorney fee paid from the Employment Security Administration Fund. In a letter informing Cooper's attorney about denial of the fee as requested, general counsel for the commissioner stated:

> Section 48-646 of the Nebraska Revised Statutes provides that the Commissioner may, in special cases, pay such fees from the Employment Security Administration Fund. These "special cases" have generally been defined to be situations where (1) an individual has a legal problem

requiring the services of an attorney, (2) the individual is indigent and unable to afford an attorney, and (3) the individual is unable to obtain the services of a Legal Aid Society.

The instant matter does not fall within the criteria established for "special cases". Furthermore, it is the Commissioner's interpretation that the above referenced statute is not applicable to representation before the Nebraska Appeal Tribunal. Therefore, the Commissioner is unable to approve the payment of legal fees from the Employment Security Administration Fund. However, the amount is reasonable and is hereby approved by the Commissioner.

After the commissioner denied the requested attorney fee, Cooper's attorney filed a motion in district court and alleged that the commissioner's denial was arbitrary and capricious and requested an order compelling the commissioner to pay the requested fee. Cooper's attorney also requested an additional attorney fee as a result of efforts on the motion for attorney fees and based such claim for an additional fee on Neb. Rev. Stat. § 25-1803 (Cum. Supp. 1984):

(1) Unless otherwise provided by law, the court having jurisdiction over a civil action brought by the state or an action for judicial review brought against the state pursuant to sections 84-917 to 84-919 shall award fees and other expenses to the prevailing party unless the prevailing party is the state, except that the court shall not award fees and expenses if it finds that the position of the state was substantially justified.

The district court found that the commissioner's denial of an attorney fee was arbitrary and capricious, ordered the commissioner to pay $420 as a fee for Cooper's attorney, but denied any additional attorney fee based on § 25-1803.

The commissioner has appealed and contends (1) denial of an attorney fee under § 48-646 is totally discretionary with the commissioner and, therefore, not subject to judicial review and (2) if the matter of an attorney fee is judicially reviewable, the commissioner's decision was not arbitrary and capricious. In his appeal the commissioner concedes that Cooper is an

indigent with a problem requiring legal assistance. Cooper has cross-appealed from the disallowance of an attorney fee under § 25-1803.

Regarding the commissioner's contention that there can be no judicial review of his refusal to pay the requested attorney fee, we must disagree. Section 48-646 clearly envisions proceedings before a district court, as in Cooper's case. Cooper's claim for benefits and her employer's appeal for judicial review provided a justiciable issue to be resolved in the district court. In resolving the question concerning Cooper's right to unemployment compensation, the district court also acquired jurisdiction to review all aspects of Cooper's claim, including the ancillary award of an attorney fee authorized by § 48-646. Therefore, the commissioner's refusal to pay an attorney fee authorized by statute is a matter for judicial review.

Section 48-646 provides no assistance to determine the meaning of "special cases." Although authorized to adopt and promulgate rules and regulations which might identify "special cases" (see § 48-606), the commissioner has declined or neglected to adopt any rule or regulation applicable to the allowance of an attorney fee under § 48-646. Consequently, it becomes the duty of this court to ascertain the meaning of "special cases" for the purpose of § 48-646.

The present case is analogous to *Lambert v. Nebraska Cr. Vict. Rep. Bd.*, 214 Neb. 817, 336 N.W.2d 320 (1983), where this court was asked to construe the phrase "pecuniary loss" used in the Nebraska Crime Victim's Reparations Act, Neb. Rev. Stat. §§ 81-1801 et seq. (Reissue 1981). Neither the Nebraska Crime Victim's Reparations Act examined in *Lambert* nor the rules and regulations of the board charged with administration of the act contained a definition or guidelines for determination of a "pecuniary loss" compensable under the act. In the absence of a definition provided by statute or rules and regulations pertaining to the Nebraska Crime Victim's Reparations Act, this court construed the phrase "pecuniary loss" to have the same meaning under the act as was applicable and used in conjunction with wrongful death actions.

The word *special* means "unusual; uncommon; exceptional; extraordinary." See Webster's New Universal Unabridged Dictionary 1741 (2d ed. 1983).

The case before this court involves the claim of an indigent who, unrepresented by an attorney, became entangled in litigation contesting her right to unemployment compensation—her only source of income—and who faced imminent default in pending proceedings determinative of her right to compensation. Under the circumstances such situation can be fairly characterized as unusual, uncommon, exceptional, or extraordinary. It was fortunate for Cooper, an indigent, that she was able to obtain effective counsel who undertook representation without a demand for a fee, a commendable gesture in keeping with the finest tradition of the legal profession. We conclude, therefore, that Cooper's claim was a special case and that denial of an attorney fee paid from the Employment Security Administration Fund under the circumstances was contrary to the letter and intent of the statute and was arbitrary and capricious. The district court correctly ordered the commissioner to pay an attorney fee from the Employment Security Administration Fund.

Regarding Cooper's cross-appeal, the court correctly refused to order a fee under the provisions of § 25-1803. The commissioner did not commence the action, nor was the appeal in the district court for review of a decision of an administrative agency pursuant to Neb. Rev. Stat. §§ 84-917 to 84-919 (Reissue 1981 & Cum. Supp. 1984).

AFFIRMED.